Smith, J.
The plaintiff in error seeks the reversal of the judgment rendered against him by the court of common pleas, and assigns as grounds, that the court erred in overruling the motion for a new trial, in the admission of incompetent evidence over his objection, in the charge given to the jury, and in refusing to charge as requested by the defendant below. ' We notice these assignments briefly in the order named.
1. The bill .of exceptions does not show that it contains all of the evidence given at the trial of the case. We cannot properly, therefore, consider the question whether the verdict of the jury was against the weight of the evidence. This can only be done by the reviewing court when it appears, from the bil of exceptions, that all of the evidence heard at the trial is before such court.
2. It is urged that the trial court erred in receiving evidence over the objection and exception of the defendant, tending to prove what the duties of such defendant were with another association, prior to the time of his alleged employment by the Phoenix Club, (whose property, it is claimed, he embezzled), and even before there was any such club in existence.
The indictment on which the defendant was tried charged, in substance, that on the 17th day of January, 1893, at this county, the defendant, being the agent of and for a certain incorporated company, to-wit: the Phoenix Club, he not then being within the age ofe ighteen years and not being then and there an apprentice, did unlawfully and fraudulently embezzle and convert to his own use certain money of the value of $5,200.00 of the personal property, and belonging to the Phoenix Club, without the assent of said club, his employers, and without the consent of any owner or owners of said personal property, which said personal property had then and there come into his possession and care, by virtue of his employment as agent of said club.
The evidence offered by the state tended to show that for *396 several years prior to March 14, 1892, Grillo had been in the employ of another club in this City, known as the Phoenix Society, as a caterer therefor, and what his duties were under such employment — among other things, that he was to collect such bills as might be put by the officers of such society against the members thereof for dues, etc., into his hands for collection, and to turn over such money to the society when collected, and that he had given a bond to the society for the faithful performance of his duties, which bond recited his duties, and among them, the collection of such dues and their payment to the society, and Such bond was admitted in evidence ; that the defendant acted under said employment for several years, and until the incorporation of the Phcenix Club in March, 1892, and performed the duties before mentioned; that the Phoenix Club was the successor to the Phoenix Society, and kept the plaintiff in error in the same position, and with the knowledge and consent of "the club, the defendant continued to discharge the same kind of duties and acted in the same capacity as he had done with the other society, and that bills against the members were placed in his hands for collection and collected by him, much of which was properly accounted for, but large sums so collected were unlawfully appropriated to his own use.
All of this evidence offered by the state as to the dealings and transactions between Grillo and the Phoenix Society, and as to the bond given by him to said society, and as to what was done by him for the Phoenix Club, was objected to by defendant on the ground that his dealings or arrangement with the Phoenix Society were irrelevant in this case, and that it was not competent to show his dealings with the Phoenix Club until it appeared that he had been expressly employed by said club, as shown by the records thereof. But the evidence was admitted, and the defendant duly excepted.
In the first place, we may say that in our judgment to constitute the relation of principal and agent between the Phcenix Club and Grillo, it was not necessary that there should have *397 been any action of the trustees placed on the records of the club, authorizing his employment or fixing the terms of his agency and his duties, and showing his acceptance of such employment. If he was in fact acting as the agent of the club, performing certain duties with its knowledge and consent, or of that of the executive officers thereof, and under their direction and control, this would make him the agent of the club for this purpose. On this point we quote a few sentences from 2 Bishop’s New Criminal Law, 8th ed. 340:
“ Defacto. The servant or clerk need not have received a formal appointment in fact, and especially none need be proved, if only he has been permitted to act and has acted as such, and this is shown. Even were he hired in another relation, but served sometimes in this, in which he embezzled the money, it is sufficient. Or, if there are written rules for his guidance, yet if practically by permission or tacit consent, he acts at times outside of those rules, he may be convicted of embezzlement while thus acting. In like manner one may be an agent for embezzlement though he has not yet filed the certificate or given the bond required by law, or the nature of the employment to qualify him for the agency.”
In the second place, we think that if it was shown by the conduct of the parties that the defendant, having previously been employed as the agent of the Phoenix Society, had, after the incorporation of the new company as the successor of the old society, continued with the new company, and there was parol evidence tending to show that it was the understanding and agreement that he was to continue in the same capacity, and with the same duties as in the old society, that, for the purpose of showing his relation to the new club, it was competent to show what it was with the old. This, we understand, was what was done in the case, and, in our view, it was not erroneous or prejudicial to the defendant.
It is further urged that the court erred in allowing the state to prove that soon after the defendant left this city, which was a very short time after his shortage was claimed to have been *398 discovered, he was seen in Memphis and New Orleans, passing under different-names, and denying his identity, and giving a false account of himself, and that he registered in one of those cities under an assumed name, which register was offered in evidence.
We have always understood that it was competent for the state in criminal cases, to prove that the defendant fled from the place where the crime was committed soon after its commission, or its discovery, and, to prove conduct or statements of the accused, which he would not probably have made if innocent, and which therefore have a tendency to give rise to the presumption that he has a guilty connection therewith. Such evidence is somewhat in the nature of admissions or confessions of the party accused, and therefore, on his trial is relevant evidence. See Stephens’ Digest of the Law of Evidénce, art. VII, illustration.
The court refused to give several special charges asked by the counsel for the defendant. All but one of-the questions thus raised had been passed upon by the court in its rulings as to the admission of evidence, and we have expressed our views that such rulings were right, and consequently are of the opinion that the court did not err in refusing to give these -special charges'. But one other charge was asked and refused by the court, and we have had much doubt whether it was not our duty to, reverse the judgment for the reason that the court refused to give it, or if the charge as asked was not strictly accurrate, whether the court did not err to the prejudice of the defendant in not' stating what the law on the point was when it was called to its attention.
As has been said, the indictment contained the averment that Grillo, the defendant, was not, when the offense was claimed to have heen committed by him, a person under the age of eighteen years, and was not an- apprentice. To constitute the crime of embezzlement under our statute, it must be done by a person over eighteen years of age, and who is not an apprentice. The exception as to this is a part of the de *399 scription of the offense, and as held in several cases by our Supreme Court, in such case the indictment must aver that the person charged does not come within the exception. Without it here the indictment would have been fatally defective. This being so, it was also essential to his conviction that such evidence should have been produced to the jury as would convince them that the averment was true. We do not mean to say that it was essential that some witness should have testified expressly, either that he was not an apprentice or that he was over eighteen years of age. It might have been shown that he was acting as an agent or employe of a different kind, as seems to have been done; or, if present before the court at the time, as it appears he was, it might clearly appear that he was a man of mature years. We are of the opinion that, as to this, the jury might properly use their senses.
But the difficulty in this case is this: The counsel for the defendant, after the general charge had been given to the jury, asked the court to give this charge: “ The indictment charges that the defendant was not an apprentice, and not a person under eighteen years old. We ask your Honor to charge, it being incumbent upon the state to offer evidence to support the indictment that the defendant was not an apprentice, aud was not a person under eighteen years of age, and, if no evidence has been offered by the state that the defendant was not an apprentice, and was not a person under eighteen years of age, the jury will, in such case, acquit the defendant.” The ■ only answer to this by the court was: “I will refuse the charge.”
It is clear that, in the charge given to the jury, the court nowhere instructed them that it must be made to appear that the defendant was not an apprentice^ aud was not under eighteen years of age. This, in fairness, should have been done. In the general charge it was stated that there were eight things which must be clearly proved before the' defendant could properly be convicted under the indictment, and this was *400 correct, but no reference whatever was made to these other matters.
Jas. D. Ermston and T. F. Shay, for plaintiff in error.
Schwartz, Rulison & Darby, for;the prosecution. .
The court was asked to charge that if no evidence had been offered by the state as to those matters, the defendant should be'aequitted. As already intimated, if the court had been requested to charge that if no evidence had been produced to show that those negative averments were true, the defendant should be acquitted, we think the court should have given it, and if it refused, the action would have been clearly erroneous. But the truth of the averment might appear by the evidence offered the defendant as well as if offered by the state, and technically, we think the court was justified in refusing to give the charge in the language-in which it was asked, though, in our judgment, it would have been far better if the court, in refusing it, had stated what the law really is.
But, believing as we do, from an.examination of the bill of exceptions, that there was no real claim on the part of the defendant or his counsel that he was under eighteen years of age, there not having been a word said as to this during the trial, so far as the evidence shows, or as to his being an apprentice, until after the general charge to the jury, and it being stated in argument by counsel for the state, and not disputed, that he appeared before the jury as a man in middle life, and the evidence showing that he was not an apprentice, and there appearing to be no reasonable doubt of the guilt of the defendant, we cannot feel that we would be justified in reversing this judgment on a mere technical error, if it be one, particularly when there is a stronger, even if it be a technical reason, why the charge asked did not fairly present the question to the court.
The judgment will therefore be affirmed. .
Judge Cox is of the opinion that the judgment should be reversed.